**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 04-23159-CIV-TORRES

CONSENT

PATRICK McCAWLEY,

    Plaintiff,

vs.

UNIVERSIDAD CARLOS ALBIZU
(CARLOS ALBIZU UNIVERSITY), INC.,

    Defendant.
_____/

**ORDER GRANTING IN PART DEFENDANT'S
VERIFIED MOTION TO TAX COSTS**

THIS CAUSE came before the Court on Defendant's Verified Motion to Tax Costs and Supporting Memoranda of Law (D.E. No. 51), Plaintiff's Response thereto (D.E. No. 53) and Defendant's Reply to the response (D.E. No. 52).

*I.  BACKGROUND*

In June 2004, the Plaintiff, Patrick McCawley ("McCawley"), filed a complaint (D.E. No. 1, Exhibit A) in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida against the Defendant, Universidad Carlos Albizu (Carlos Albizu University), Inc., ("CAU"). McCawley alleged that, despite his completion of all academic requirements needed for conferring his degree, CAU arbitrarily and capriciously refused to award him a doctorate in psychology and dismissed him from the University, in violation of their contractual

obligations to him. After discovery proceedings had commenced in state court, CAU discovered that McCawley was intending to seek in excess of $75,000.00, making the case eligible for removable to federal court, pursuant to 28 U.S.C. § 1441(b). (D.E. No. 1, ¶ 3).

On December 17, 2004, CAU filed a timely Notice of Removal (D.E. No. 1), commencing the action before this Court. Following discovery and the parties' consent to magistrate judge jurisdiction, CAU filed a Motion for Summary Judgment (D.E. No. 35), which Judge Klein granted on April 18, 2006. (D.E. No. 50). Judge Klein found that CAU had not breached its contract when it dismissed McCawley because he had failed to abide by other contractual requirements, consisting of a long history of violations of rules of professional conduct, institutional norms and acceptable standards of ethical behavior. *Id.* ¶ 2. That judgment is now final and no appeal is pending.

CAU, as the prevailing party, filed a Motion to Tax Costs (D.E. No. 51) on May 18, 2006, requesting an award of $11,948.02 in taxable costs, pursuant to S.D. Fla. L.R. 7.3.A., Federal Rule of Civil Procedure 54(d)(1), and 28 U.S.C. § 1920. This motion is ripe for disposition. The parties consented to continued magistrate judge jurisdiction over this case, and specifically the pending motion, following Admin. Order 2006-18 and Judge Klein's unavailability. (D.E. No. 55).

2

## II.  ANALYSIS

Before addressing the amount of costs to award pursuant to 28 U.S.C. § 1920, the Court will address McCawley's substantive arguments in opposition to CAU's requested costs in their entirety, as argued in his Memorandum in Opposition to CAU's motion. (D.E. No. 53).

### A.  *Entitlement to Costs*

First, McCawley argues that CAU's motion was not timely filed or served. We disagree.  The 30-day deadline, as provided by S.D. Fla. L.R. 7.3.A, by which CAU had to file its motion was May 18, 2006.  The motion was filed electronically with this Court on May 18, 2006, as reflected by the date stamp from the Clerk of the Court.  *See* D.E. No. 52, Composite Exhibit A.  The e-mail sent to Mr. Jorge Lopez confirming receipt of the e-filed motion is dated May 19, 2006 at 8:20 a.m.  *See id.*  According to S.D. Fla. L.R., Order 2002-36(E)(2), "[a]lthough electronic filings will be processed only during business hours, a successfully uploaded document that sufficiently complies with all relevant rules governing filing *will be deemed filed when electronically received,* and will be stamped with the date on which the successful upload was completed." (emphasis added).

Indeed, Fed. R. Civ. P. 5(e) encourages courts to adopt rules that allow parties to file pleadings and motions by electronic means.  CAU's motion was stamped with the date that it was electronically received by the Clerk, May 18, at which time this Court sent a confirmation in the morning on the next business day, May 19; however, this would not constitute an untimely filing on CAU's part.

3

Although the motion may have been filed after hours on May 18, it is still considered received on that date, as evidenced by the date stamp. Therefore, this technical procedural argument does not show that CAU's motion was untimely served, or that costs should be denied on that basis.

Second, McCawley claims that the expert witness affidavit, required by S.D. Fla. L.R. 7.3.A, should be provided by someone who is disinterested in the case and not a part of Defendant's counsels' firm. However, Rule 7.3.A(vii) states that a motion for attorneys fees and/or costs "shall be supported by an affidavit of an expert witness" and does not specify anything else about the expert. CAU's motion was accompanied by a declaration of George Volsky, Esq., who has extensive experience in commercial litigation and who, as counsel to CAU, is intimately familiar with the client and the case. *See* Exhibit A, D.E. No. 51. Accordingly, Mr. Volsky technically qualifies as an "expert witness" for purposes of the motion; therefore, this argument too must fail.

Third, Contrary to McCawley's allegation, CAU clearly included the certification that "counsel has fully reviewed the … supporting data and that the motion is well grounded in fact and justified.," as required by Rule 7.3.A. (D.E. No. 51 at 7). Therefore, the argument that this rule was violated is without merit.

Fourth, McCawley's counsel alleged that no attempt was made prior to filing to resolve the issue of costs. S.D. Fla. L.R. 7.1.A.3 provides that prior to filing a any motion in a civil case "counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties

4

or non-parties who may be affected by the relief sought . . . to resolve by agreement the issues to be raised in the motion." CAU's counsel expressly provided in the motion that they had attempted to contact opposing counsel by phone. (D.E. No. 51 at 7). Indeed, McCawley's counsel admitted later (in an e-mail) that, after filing his motion, he received a phone message from Jorge Lopez, Esq. attempting to discuss the Motion to Tax Costs, and wanted to set the record straight. (Exhibit C, D.E. No. 52). Accordingly, this procedural argument is moot.

Fifth, McCawley argues that CAU's motion does not comply with Rule 7.3. because it does not request a hearing. S.D. Fla. L.R.7.3.A merely provides that a motion for attorneys fees and/or costs shall state whether a hearing is requested by any party. However, CAU did not request a hearing because they did not believe one was necessary. Since they are not requesting a hearing now, McCawley's argument that the motion should fail for this reason is totally without merit.

Sixth, McCawley argues that awarding costs seems to be discretionary under Rule 54(d) and that the Court should use its discretion not to award costs because he is a student who is already in financial trouble. In the Federal court system, taxation of costs is governed by Fed.R.Civ.P. 54(d)(1) and 28 U.S.C. § 1920. Indeed, F.R.C.P. 54(d)(1) states that "costs other than attorneys' fees shall be allowed as of course to the prevailing party *unless the court otherwise directs*." (emphasis added). However, this Court cannot ignore the strong presumption in favor of granting the prevailing party's request to impose the costs of those items

5

listed in § 1920(1) to his opponent. *See E.E.O.C. v. W&O, Inc.,* 213 F.3d 600, 620 (11th Cir. 2000) (award of costs will not be disturbed unless there is a clear abuse of discretion); *Manor Healthcare Corp. v. Lomelo,* 929F.2d 633, 639 (11th Cir. 1991).

Moreover, under our system, every litigant is responsible for the consequences of filing litigation, either to oneself or to others affected by it. Under the American rule that governs this federal case, that responsibility normally requires the payment of costs, not fees, to the prevailing party. There is no reason why this unsuccessful litigant should be exempt from this well recognized principle of law.

Therefore, as all of McCawley's substantive arguments to oppose costs in their entirety fail, we shall proceed to analyze each of CAU's requested costs.

### B.   *Amount of Costs to Award*

The total amount of costs that CAU seeks to recover is $11,948.02, broken down into six categories, pursuant to 28 U.S.C. § 1920. (D.E. No. 50). Section 1920 lists the following items which may be taxed as costs to the non-prevailing party in a federal case:

> (1)   Fees of the clerk and marshal;
> (2)   Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3)   Fees and disbursements for printing and witnesses;
> (4)   Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5)   Docket fees under section 1923 of this title;

>   (6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

We will address each of these categories separately.

### 1. Clerk Fee

McCawley is challenging the $150.00 filing fee paid by CAU when the case commenced in federal court because removal was unnecessary. Because CAU was entitled to remove the case to federal court and § 1920(1) specifically allows clerk fees to be taxed, the Court must award the fee, regardless of whether McCawley believes the removal was necessary or not.

### 2. Deposition Transcripts

McCawley claims that CAU is not entitled to a $75.00 non-appearance fee incurred as a result of a deposition with which Defendant's counsel proceeded, despite the fact that counsel knew McCawley was unable to attend. McCawley was originally deposed by CAU on July 1, 2005. On October 12, 2005, CAU re-noticed Plaintiff to continue the deposition, scheduling the continuation for November 1, 2005. Plaintiff's counsel argues he was out of the office on another matter from October 11-20, 2005 and then on October 21, 2005 Hurricane Wilma hit Miami, leaving him (as well as most of the city) without power or a generator to do work until October 31, 2005. Due to these complications, Plaintiff's counsel was unable to file a Motion for Protective Order (D.E. No. 13) until October 31,

2005, informing opposing counsel and the court with one day's notice that his client could not attend the deposition.

On December 8, 2005, it was stipulated that Plaintiff would appear for the continuation of his deposition in Miami on January 6, 2006 (D.E. No. 30), and this deposition took place without incident. Although the Motion for Protective Order was eventually resolved amicably by the two parties (D.E. No. 24), the cost of the non-appearance was not addressed. However, due to the extenuating circumstances surrounding the first notice of continuation and the fact that the Plaintiff did eventually complete his deposition, the Court will exercise its discretion and not award CAU this requested fee.

With respect to other deposition costs, they are clearly authorized by § 1920(2). *See United States v. Kolesar,* 313 F.2d 835, 837-38 (5th Cir. 1963) ("Though 1920(2) does not specifically mention a deposition, . . . depositions are included by implication in the phrase 'stenographic transcript'"). However, "'where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable.'" *EEOC,* 213 F.3d at 620 (citing *Goodwall Const. Co. v. Beers Const. Co.,* 824 F.Supp. 1044, 1066 (N.D. Ga. 1992), *aff'd,* 991 F.2d 751 (Fed.Cir. 1993)).

CAU seeks a total of $3,319.00 in deposition costs for both of Plaintiff's depositions, as well as those of Stephen Schengber, Laura Patel and Robert Lessne. Of these, Plaintiff is challenging all, with the exception of his depositions, as being unnecessary. As CAU correctly states in its motion, a "prevailing party

is entitled to recover costs for any deposition that appeared reasonably necessary in light of the particular situation existing *at the time that the deposition was taken.*" *Nat'l Bancard Corp. v. Visa, U.S.A., Inc.,* 112 F.R.D. 62, 66 (S.D. Fla. 1986) (emphasis added).

Two of the depositions were cited in CAU's Statement of Undisputed Facts supporting their motion: Laura Patel, McCawley's ex-fiancé, and Stephen Schengber, McCawley's former employer. (D.E. No. 37 at 8). Both depositions were used to support CAU's contention that McCawley was falsely portraying himself as a doctor and holder of a Ph.D in neuropsychology. (D.E. No. 37). Accordingly, these depositions were both reasonably necessary and used in CAU's case; thus CAU must be able to recover the full cost of $1,025.00 for the depositions.

However, Mr. Lessne's deposition was not cited in either the Motion for Summary Judgment or the Statement of Facts. Plaintiff argues that this fee should not be recoverable because Mr. Lessne, who was listed as Plaintiff's expert witness on the issue of damages, was not deposed until mid-April, two months after CAU had filed their Motion for Summary Judgment and one day before the court granted their motion. This argument should fail because at the time the deposition was taken (April 19, 2006), CAU was expecting to go to trial on April 24, 2006 and it seemed reasonably necessary to depose Mr. Lessne on the issue of damages. (D.E. No. 53 at 2). Indeed, this Circuit has upheld the taxation of a deposition cost where the losing party listed the deponent on its witness list, even

9

if that witness was never used. *See Murphy v. City of Flagler Beach,* 761 F.2d 622, 631 (11th Cir. 1985).

In sum, CAU shall recover the full deposition fees for Patrick McCawley (minus the non-appearance fee), Laura Patel, Stephen Schengber, and Robert Lessne, totaling $3,244.00.

### 4.   *Expert Witness Fees*

CAU is seeking $5,500.00 in expert witness fees – $4,500.00 charged by their expert, Dr. Jerome H. Poliakoff, and $1,000.00 charged by Plaintiff's expert, Mr. Robert Lessne required for the taking of his deposition. CAU argues that Dr. Poliakoff's testimony was crucial to rebut Plaintiff's allegation that because he had completed his academic requirements for a degree in neuropsychology, he could represent himself to the public as a doctor or PsyD. CAU contends that Dr. Poliakoff's fee is reasonable because of his credentials and the nature of his report. (D.E. No. 52).

CAU cites no case law or other support for their position that "the law is reluctant to tax expert witness fees as costs. However, expert fees can be recoverable when the expert's testimony was crucial to the issue decided." (D.E. No. 51 at 4). In addition, after reviewing CAU's motion, memorandum and statement of facts, this Court cannot find one proposition cited from Dr. Poliakoff's testimony anywhere in the three documents. Thus, even if CAU was correct in its argument that an expert fee can be recoverable when the testimony was crucial

in deciding the issue, they should not recover a $4,500 fee since Dr. Poliakoff's testimony was obviously not crucial to this Court's granting of their motion.

Regarding Mr. Lessne, CAU claims that he refused to appear for his deposition, which was imperative to understand Plaintiff's damage calculation, unless and until he was paid a $1,000.00 fee. As discussed earlier, CAU had reason to believe at the time the deposition was taken that Mr. Lessne's testimony was reasonably necessary. Therefore, this analysis will proceed to determine how much, if anything, CAU should recover for each of these expert fees.

Pursuant to 28 U.S.C § 1920(3), the court may tax costs for "fees and disbursements for . . . witnesses." Statutory witness fees are set forth in 28 U.S.C. § 1821. Under § 1821, a witness shall be paid, *inter alia*, a $40 per day attendance fee at either trial or a deposition, travel expenses, a mileage allowance, and a subsistence fee.[1] Although neither § 1920 nor § 1821 mentions *expert* witness fees, it is well settled that "[t]he Congress has dealt with the subject comprehensively and has made no exception [from § 1821] for the fees of experts." *Henkel v. Chicago, St. Paul, Minneapolis & Omaha Ry. Co.,* 52 S. Ct 223, 225 (1932). Therefore, any expert witness fees allowed must be subject to the statutory cap of § 1821, in accordance with other decisions in this Circuit. *See,*

---

[1] Specifically, section 1821(b) states that "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance."

*e.g., Morrison v. Reichhold Chems. Inc.,* 97 F.3d 460 (11th Cir. 1996); *International Woodworkers of America, AFL-CIO v. Champion Int'l Corp.,* 790 F.2d 1174 (5th Cir. 1986).

Notably in 1987, the U.S. Supreme Court in *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 107 S.Ct 2494 (1987), addressed the power of federal courts to require a losing party to pay the compensation of the winner's expert witnesses. The Court found that "when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the contrary." *Id.* at 2496. The 11th Circuit has followed *Crawford* and held that expert witness fees may not exceed the statutory per diem limit. *See Kivi v. Nationwide Mutual Ins. Co.,* 695 F.2d 1285 (11th Cir. 1983); *Cronin v. Washington Nat. Ins. Co.,* 980 F.2d 663 (11th Cir. 1993).

In this case, CAU is asking this Court to require that McCawley, the losing party, pay the compensation of its expert witness, Dr. Poliakoff, which conflicts with the limits recognized in *Crawford*. Therefore, CAU's request for $5,500.00 should be reduced to Mr. Lessne and Dr. Poliakoff's $40.00 attendance fee, totaling $80.00, and any travel costs they incurred.

### 5. *Service of Process Fees*

Although 28 U.S.C. § 1920 does not provide for fees for a private process server, modern practice dictates that the method for serving civil summonses and subpoenas has changed from the traditional use of the U.S. Marshall to private

parties being employed. *See E.E.O.C.,* 213 F.3d at 623 (citing *Alflex Corp. v. Underwriters Laboratories, Inc.,* 914 F.2d 175, 178 (9th Cir. 1990)). Section 1920(1) specifically provides for fees of the marshal to be taxable as costs. In addition, this Circuit has held that a district court does not abuse its discretion in taxing private process server fees that do not exceed the statutory limit of § 1921. *See id.* at 624.

McCawley claims that the documents subpoenaed could not have been used to support CAU's motion because they were hearsay and thus constituted a "fishing expedition" on CAU's part. (D.E. No. 52 at 2). We disagree and find that the majority of the documents subpoenaed were cited and relied upon in CAU's Statement of Facts. Therefore, CAU should recover the full amount of process service fees, totaling $883.50.

### 6. *Photocopies*

CAU seeks to recover $1,328.18 incurred for copies made of Plaintiff's depositions, the exhibits to his depositions and the filing of its Motion for Summary Judgment. Section 1920(4) specifically allows for "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." Plaintiff's depositions, which together exceeded 300 pages and included 65 exhibits totaling several hundred pages, were heavily relied upon by CAU in their motion and supporting memo. Due to the volume of the documents copied and the large extent to which CAU relied on them, CAU should recover the full amount of $1,328.17 for these copies.

### *7.  Research Costs*

CAU seeks to recover $767.34 of computerized legal research costs incurred in preparing its Motion for Summary Judgment. (D.E. No. 51 at 6). Because section 1920 makes no reference to computerized legal research costs, CAU cites as support *Johnson v. Univ. College of the Univ. of Alabama in Birmingham,* 706 F.2d 1205, 1209 (11th Cir. 1983). However, in *Johnson,* the 11th Circuit did not allow recovery of computerized research outright, but remanded back to the district court "to reconsider whether any or all computer costs are recoverable in this case." See id. Notably, *Johnson* does not address specifically "computerized legal research costs"; rather it deals with generic "computer services." *See id.* Moreover, the award of costs was made pursuant to Fed. R. Civ. P. 68 and 42 U.S.C. § 1988, rather than the statutes at issue in this case. *See id.* at 1206.

Therefore, *Johnson* is clearly distinguishable and does not control the motion for costs at issue here. Moreover, in *Johnson* the 11th Circuit stated that "[t]he test, as always, is one of reasonableness" and noted that "'[w]ith the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation . . . may be taxed as costs.'" *See id.* (citing *Dowdell v. City of Apopka,* 698 F.2d 1181, 1192 (11th Cir. 1983)). McCawley argues that the legal research cost requested is part of CAU's firm's general overhead. The Court generally agrees.

Further support for this conclusion can be found in several cases decided after *Johnson* from this District that denied awarding computer legal research

14

costs under 28 U.S.C. § 1920(1) and Fed R. Civ. P. 54(d).  *See generally* 80 A.L.R. Fed. 168 (1986).  For example, in *Avirgan v. Hull,* 705 F. Supp 1544, 1548 (S.D. Fla. 1983), the Court held that "Section 1920 does not provide for computerized legal research, . . . so the court denies these amounts."  In *Roberts v. Charter Nat'l Life Ins. Co.,* 112 F.R.D. 411, 413 (S.D. Fla. 1986), the court noted that "[c]omputer research is generally treated as lawyer's costs and not taxable as ordinary costs."

Therefore, the weight of authority clearly holds that computer research fees are not taxable as costs under § 1920; therefore, this item should not be taxed here notwithstanding their reasonableness to CAU at the time they were incurred.

\* \* \*

### III.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Verified Motion to Tax Costs is **GRANTED in PART and DENIED in PART**.  The Court shall award CAU a total of **$5,685.67** in taxable costs under 28 U.S.C. § 1920.

2. This Order shall not constitute a final order pending the following.  McCawley shall have ten (10) days from the date of this Order to comply and make the cost payment to CAU.  In the event that McCawley fails to comply, CAU shall notify the Court, in which case a separate fee judgment shall be entered.  In that

case, however, the Court will add prejudgment and postjudgment interest to the costs awarded herein.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of October, 2006.

_____
EDWIN G. TORRES
United States Magistrate Judge

Copies provided to:
All Counsel of Record